JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RAEKWON WILSON

**DEFENDANTS**
CITY OF PHILADELPHIA, et al.

**(b)** County of Residence of First Listed Plaintiff   PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Pileggi
303 Chestnut Street, Philadelphia, Pa 19106
(215) 627-8516

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ❏ 1   U.S. Government   Plaintiff | ☒ 3   Federal Question   *(U.S. Government Not a Party)* |
| ❏ 2   U.S. Government   Defendant | ❏ 4   Diversity   *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from Another District *(specify)*   ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Police Misconduct

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    **DEMAND $**    CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE      DOCKET NUMBER

DATE   6/26/14

SIGNATURE OF ATTORNEY OF RECORD
Michael Pileggi

JUN 26 2014

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

14   3932

Address of Plaintiff: 5524 Greenway Ave Philadephia PA

Address of Defendant: 1515 Arch Street Philadelphia PA

Place of Accident, Incident or Transaction: 55th & Springfield Avenue Philadelphia PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))       Yes☐   No☑

Does this case involve multidistrict litigation possibilities?       Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☑ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____       _____       _____
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/26/14       Michael Pileggi       JUN 26 2014       6155f
                          Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

RAEKWON WILSON

      v.

CITY OF PHILADELPHIA, et. al.

             CIVIL ACTION

             NO. 14

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 6/23/14 | MICHAEL PILEGGI | RAEKWON WILSON |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-627-8516 | 215-627-5105 | PIL423@AOL.COM |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


JUN 26 2014

$400



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAEKWON WILSON** | : |
| **Plaintiff** | : **JURY TRIAL** |
| **vs.** | : **DEMAND** |
| **THE CITY OF PHILADELPHIA, PHILADELPHIA** | : |
| **POLICE OFFICER GREEN, BADGE # 1613;** | : **14   3932** |
| **PHILADELPHIA POLICE OFFICER SMITH,** | : |
| **BADGE # 1782, individually and as police officers** | : C.A. No. 14- |
| **for the City of Philadelphia** | : |
| **Defendants** | : |

## COMPLAINT

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343(1),(3),(4) and the aforementioned statutory provision.

### II. PARTIES

2. Plaintiff, Raekwon Wilson is an adult male who was at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania.

3. Defendant City of Philadelphia is a City of the First Class in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining a Police Department, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices which would create an environment whereby citizens would be safe from police abuse.

4. Defendant Green, badge number 1613, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and is acting under the color of state law. He is being sued in both his individual and official capacities.

5. Defendant Smith, badge number 1782, is and was at all times relevant to this Complaint, a police officer for the City of Philadelphia and is acting under the color of state law. He is being sued in both his individual and official capacities

**III. FACTS**

6. On or about May 31, 2014, Plaintiff and two friends were walking to a barber shop located at 55th and Chester Avenue when a police car driving toward them suddenly stopped next to them.

7. Without reason, cause or justification, Defendant Smith exited the passenger side of the police vehicle and ran toward Plaintiff.

8. The Plaintiff became frightened and started to run being chased by Defendant Smith before he stopped, turned around and put his hands in the air.

9. Defendant Smith then without reason, cause or justification punched Plaintiff in his right jaw.

10. Plaintiff fell backwards hitting a step to a house, landing on his back and head. He temporarily lost consciousness.

11. Defendants handcuffed Plaintiff, searched him and placed him in the police vehicle. Plaintiff was not in possession of any contraband or weapons.

12. Plaintiff sat in the police vehicle handcuffed for approximately ten (10) minutes before Defendants released him. Plaintiff at that time informed the Defendants that he was injured by Defendants during his arrest.

13. Plaintiff went to Mercy Philadelphia Hospital where he was treated for injuries to his head and back.

14. Plaintiff received a CAT scan and X-rays and released. Plaintiff continues to be treated for his injuries.

15. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawful arrest and assault and otherwise deprive Plaintiff of his civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

16. At no time did Plaintiff strike, attempt to strike or intend to strike any of the Defendant police officers or any other police officer. At no time did Plaintiff harass, threaten, resist arrest in any way, commit any illegal acts or engage in any conduct, which in any way justified the actions of all Defendant police officers.

17. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious physical injury, including head and back injuries, as well as lacerations and contusions on his head and body.

18. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and pain and suffering, some or all of which may be permanent.

19. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered and continues to suffer damage to his personal and business reputation.

20. As a direct and proximate result of the Defendants' actions, Plaintiff was subjected to physical and verbal abuse without just or probable cause.

21. At no time did Plaintiff pose a threat to Defendants or to others.

22. The actions of Defendants were undertaken in a menacing and arbitrary manner, designed to cause Plaintiff fear, distress and embarrassment.

23. The acts of Defendants were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

24. The acts and omissions of the undivided Defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show Defendants' indifference to the danger of harm and injury.

25. The individual Defendants conspired to inflict harm on Plaintiff and deprive him constitutional rights.

26. Defendants made statements to police, the district attorney and others in order to conceal their unlawful and unconstitutional conduct and in an attempt to deny Plaintiff access to the Courts and to due process.

27. Defendants engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting him to excessive use of force and to due process.

28. As a direct and proximate result of the Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, fear, anxiety, embarrassment, loss of liberty, confinement, physical injuries, severe emotional trauma, and the loss of the enjoyment of life, all to his great detriment and loss.

29. As a direct and proximate cause of the Defendants' illegal and unconstitutional actions, Plaintiff suffered and continues to suffer financial loss and deprivation of other liberty interests to his great financial detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

30. The allegations set forth in paragraphs 1-29 inclusive, are incorporated herein as if fully set forth.

31. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States, Plaintiff's right to be free from excessive force, unlawful arrest, to be secure in one's person and property, to access to the Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of his rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

32. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

33. The City of Philadelphia permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

      a.  Unjustified, unreasonable and illegal use of force by police officers;

b.   Unlawful arrest by police officers;

c.   Abuse of police powers, including harassment, improper searches and unreasonable force by police officers;

d. Psychologically or emotionally unfit persons serving as police officers; and

e. Failure of police officers to prevent, deter, report or take action against the unlawful conduct of police officers under such circumstances as presented herein.

34. Defendant, City of Philadelphia was deliberately indifferent to the need to:

a. Test its officers for emotional and psychological fitness to serve as police officers;

b. Monitor officers whom it knew or should have known were suffering from emotional and/or psychological problems that impair their ability to function as police officers;

c. Train its police officers in the appropriate exercise of police powers;

d. Facilitated, encouraged, tolerated, ratified, and/or was deliberately indifferent to officers using their status as police officers to have persons assaulted, or to achieve ends not reasonably related to their police duties; and

e. Failure to properly train, supervise and discipline officer officers with regard to such police practices.

35. The City of Philadelphia was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

a. Use of force by police;

b. Unlawful arrests by police;

c. Exercise of police powers;

d. Police officers with emotional or psychological problems; and

e. Police officers use of their status as police officers to have persons assaulted, or to achieve ends not reasonably related to their police duties.

36. The City of Philadelphia failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police officers, including the Defendant police officers in this case, to violate the rights of citizens such as Plaintiff.

37. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to citizens like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the City of Philadelphia and have caused police officers, including Defendant police officers in this case, to believe that they can violate the rights of citizens, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that officers are more likely to violate the constitutional rights of citizens.

38. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States, in particular, the

rights to be secure in one's person and property, to be free from excessive use of force, unlawful arrest and to due process of law.

39. Defendants City of Philadelphia and the individual named Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of his constitutional and statutory rights.

40. By these actions, all Defendants have deprived Plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

41. Plaintiff re-alleges paragraphs 1-40 of this complaint as though fully set forth herein.

42. The conduct of the individual Defendants was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

43. As a result of the acts of the individual Defendants alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

44. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, Plaintiff requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 6/26/14

MICHAEL PILEGGI, ESQUIRE
303 Chestnut Street
Philadelphia, PA 19106
Counsel for Plaintiff